■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS RIVERA, Appellant.—Judgment of the Supreme Court, New York County (Norman C. Ryp, J.), rendered November 21, 1983, convicting defendant, after a guilty plea of robbery in the second degree, and sentencing him to 4½ to 9 years' imprisonment as a second violent felony offender, unanimously modified on the law to reduce the sentence to a term of 4 to 8 years and, except as so modified, affirmed.

It is agreed that in return for defendant's guilty plea he was promised the minimum statutory sentence for commission of a second violent class C felony. The minimum statutory sentence is 4 to 8 years (Penal Law § 70.04 [3] [b], [4]). Concur—Murphy, P. J., Sandler, Asch, Bloom and Ellerin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDDIE BOSCANA, Appellant.—Judgment of resentence, Supreme Court, New York County (Robert Haft, J.), rendered on November 27, 1984, unanimously affirmed and appeal from judgment of said court rendered on April 14, 1983 is dismissed since by reason of resentence said judgment was vacated and it is from the judgment of resentence only that an appeal lies. No opinion. Concur—Kupferman, J. P., Sullivan, Carro, Fein and Rosenberger, JJ.

■ MARINE MIDLAND BANK, N. A., Respondent, v LEO GREENSTEIN et al., Appellants.—Order, Supreme Court, New York County (Bruce Wright, J.), entered on March 5, 1985, unanimously affirmed for the reasons stated by Wright, J., at Special Term. Respondent shall recover of appellants $75 costs and disbursements of this appeal. Concur—Kupferman, J. P., Sullivan, Fein, Kassal and Rosenberger, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CAMILO MATIAS, Also Known as CARMILO MATHIAS, Also Known as CARMELO MATIAS, Appellant.—Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered on December 9, 1983, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (See, Anders v California, 386 US 738; People v Saunders, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no nonfrivolous points which could be raised on this appeal. Concur—Kupferman, J. P., Sullivan, Fein, Kassal and Rosenberger, JJ.